**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DEBRA DOMENICK, | |
| Plaintiff, | CIVIL ACTION NO. 3:25-cv-01541 |
| v. | (SAPORITO, J.) |
| LACKAWANNA COUNTY, et al., | |
| Defendants. | |

**MEMORANDUM**

This is an employment discrimination case. The plaintiff, Debra Domenick, claims that her alleged joint employers—Lackawanna County (the "County") and the Lackawanna County Court of Common Pleas (the "CCP")—have discriminated against her on the basis of her sex, in violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 201 *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000d *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 *et seq.*

Domenick is a licensed and experienced trial attorney. In June 2024, she was appointed as Juvenile Delinquency Conflict Counsel, serving as a court-appointed defense attorney in juvenile delinquency proceedings before the Lackawanna County Court of Common Pleas. Although she is paid a set salary for an indefinite term, she is categorized

as a "vendor" rather than an employee of the County, and she is not paid on a W2 or provided with any employment benefits beyond her salary. Nevertheless, Domenick contends that, for the purposes of her various employment discrimination claims, she is an employee rather than an independent contractor.

The County has moved to dismiss the plaintiff's claims against it for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). The County argues that Domenick is, in fact, an independent contractor rather than an employee, and thus the employment discrimination statutes upon which she relies do not apply in this case. It further argues that it does not exercise the requisite degree of control or supervision over her work to be considered a joint employer along with CCP.

Although filed under Rule 12(b)(6), the County's motion does not rely on the allegations of the complaint. Instead, it relies on a pair of "affidavits" by Brian Jeffers, chief of staff for the County's board of commissioners, and Frank Castellano, court administrator for the CCP. But at this early stage of this litigation, we decline the defendant's invitation to shortcut discovery and convert the County's Rule 12(b)(6)

motion to dismiss into a Rule 56 motion for summary judgment, and we have therefore excluded from our consideration all materials outside the pleadings. *See* Fed. R. Civ. P. 12(d).[1]

Viewing the allegations of the complaint in the light most favorable to the non-moving plaintiff, we find that the plaintiff has alleged "enough facts to raise a reasonable expectation that discovery will reveal evidence of" whether Domenick is properly classified as an employee rather than an independent contractor under the applicable statutes, and whether the County exercises sufficient control and supervision for it to be considered her joint employer, along with the CCP. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see also Trzaska v. L'Oreal USA, Inc.*, 865 F.3d 155, 162 (3d Cir. 2017) ("[A] court must consider no more than whether the complaint establishes enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements

---

[1] Moreover, even if we were to convert the instant motion to dismiss into a motion for summary judgment, the Jeffers and Castellano "affidavits" would be of no evidentiary value. These statements are neither notarized nor signed under penalty of perjury. *See United States ex rel. Doe v. Heart Solution, PC*, 923 F.3d 308, 315 (3d Cir. 2019) ("[W]hile an unsworn statement may be considered on summary judgment, an unsworn statement that has not been made under penalty of perjury cannot.").

of the cause of action." (internal quotation marks omitted)). *See generally Graves v. Lowery*, 117 F.3d 723, 729 (3d Cir. 1997) ("[T]he precise contours of an employment relationship can only be established by a careful factual inquiry.").

Accordingly, the motion to dismiss will be denied without prejudice to any later motion for summary judgment based on the evidence adduced by the parties through the exchange of discovery.

An appropriate order follows.

Dated: October 30, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge